IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BYRON JORDAN, et al.** | \* |
| | \* |
| | \* |
| v. | \*   Civil No.  RWT 14-037 |
| | \* |
| **IVERSON MALL LTD. PARTNERSHIP, et al.** | \* |
| | \* |
| | \* |

**MEMORANDUM OPINION**

Presently pending is Defendants' Joint Motion to Strike Plaintiffs' Rule 26(a)(2) Disclosure.  ECF No. 102.  The motion has been fully briefed and no hearing is necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Defendants' motion will be denied.

**1. Background.**

On October 28, 2013, Plaintiffs, Byron Jordan Sr., his wife Helen Jordan, and his son, Byron Jordan Jr., filed a police brutality lawsuit alleging battery, assault, false imprisonment, negligence, and violations of their civil rights pursuant to 42 U.S.C. § 1983.  ECF No. 1. Plaintiffs claim that they were violently attacked by three assailants at Iverson Mall and that Prince George's County Police officers and mall security personnel responded by attacking and arresting Byron Jordan Sr. while he tried to defend his family from the assailants.  ECF No. 1.

On February 21, 2015, Plaintiffs filed their initial Rule 26(a)(2) expert disclosures, identifying Chuck Drago as their law enforcement expert, Dr. Beverly Parker Lewis as their licensed psychologist, and Jon Oliver as their security expert.  On April 17, 2015, Plaintiffs informed Defendants that they intended to amend their initial disclosures.  On May 1, 2015, the court granted the parties' Joint Motion to Amend the Scheduling Order and extended Plaintiffs' Rule 26(a)(2) expert disclosure deadline to June 2, 2015.  On June 1, 2015, Plaintiffs informed Defendants that one of their experts "would not be able to amend his original report" by the

original deadline of June 2nd because counsel had received documents from Prince George's County on May 18, 2015, and they needed more time to review the recently obtained documents. The parties agreed to extend the due date for Plaintiffs' amended designation to June 20, 2015. On that date, Plaintiffs filed their amended 26(a)(2) expert designation but also included the designation of a new expert, Edmond Provder, a rehabilitation counselor, who is scheduled to testify regarding the physical limitations of Byron Jordan, Sr. and the damages associated with these limitations. On July 7, 2015, Defendants moved to strike as untimely Plaintiffs' 26(a)(2) expert designation of Edmond Provder. ECF No. 102.

## 2. Discussion.

Federal Rule of Civil Procedure 26(a)(2)(A) requires litigants to disclose "the identity of any witness [they] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If a party fails to timely disclose the identity of a witness, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1).

Plaintiffs concede that their disclosure of Mr. Provder was untimely. ECF No. 104 at 3. They did not disclose him as an expert until June 20, 2015, eighteen days after the June 2, 2015 deadline, and fifteen days before Defendants' initial 26(a)(2) expert designations were due. The question, therefore, is whether Plaintiffs' failure to disclose was substantially justified or harmless. To answer this question, this Court considers five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack and Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).  The party facing sanctions bears the burden of establishing that its omission was justified or harmless.  *Carr v. Deeds*, 453 F. 3d 593, 602 (4th Cir. 2006).

In this case, the *Southern States* factors weigh against striking Plaintiffs' disclosure.  Regarding the first two factors, the issue of surprise and ability to cure the surprise, this litigation is still in its early stages and sufficient time can be allowed for Defendants to rebut Plaintiff's new expert.  ECF No. 92-1.  Thus, Defendants' assertion that the June 20th disclosure did not give them enough time to designate their own rebuttal witness by the July 4, 2015 deadline is readily curable, and the claim that Plaintiffs unnecessarily prolonged the litigation is conclusory.  Regarding the third *Southern States* factor, no trial date has been set so the new testimony will not disrupt the court's schedule.  Regarding factor four, Plaintiffs' Rule 26(a)(2) disclosure is essential to their case.  Mr. Provder is a vocational rehabilitation expert who will testify, *inter alia*, that (1) Byron Jordan Sr.'s injuries have affected his ability to perform his job, (2) his earning capacity has been reduced by $3,755 per annum due to his impairments, and (3) his total loss due to his injury is $146,182.00.  ECF No. 97 at 8-9.  This testimony is critical to establishing Mr. Jordon's claim for damages.  Finally, regarding Plaintiffs' justification for the untimely disclosure, Plaintiffs explain that they actually hired Mr. Provder on May 12, 2015, but soon thereafter received a 1900 page production from the County that consumed most of counsel's time and thus counsel "inadvertently failed to mention the designation of the new expert" when Plaintiffs' counsel spoke to Defendants on June 1, 2015.  ECF No. 104 at 2.  Plaintiffs also point out that, on July 6, 2015, Defendants sought Plaintiffs' consent to extend the deadline for disclosing a rebuttal expert to conduct an Independent Medical Exam, and Plaintiffs agreed to a 30-day extension.  ECF No. 104 at 1.  While these justifications are not overly

persuasive, on the whole, the factors weigh in favor of a finding that the late disclosure is harmless.  *See Ace Am. Ins. Co. v. McDonald's Corp.*, Case No. GLR 11-3150, 2012 WL 2523883, at *5 (D. Md. June 28, 2012) (denying a motion to strike because, although the expert disclosure was untimely, the litigation was in an early stage, no trial date had been set, and the proffered testimony was critical to the case, thus the failure to disclose was harmless).[1]

### 3. **Conclusion.**

The Court will deny Defendants' Motion to Strike Plaintiffs' Rule 26(a)(2) disclosure. Defendants may, within 30 days of the date of this order, designate a rebuttal expert in vocational rehabilitation and supplement their disclosures with an expert report.  Defendants are granted relief from the August 27, 2015 discovery deadline for this limited purpose.

Date:  August 5, 2015                                   /S/
                                                Jillyn K. Schulze
                                                United States Magistrate Judge

---

[1] Defendants cite *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005) for the proposition that a party who fails to provide disclosures "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." ECF No. 108 at 2.  While the *Saudi* court upheld the district court's decision to exclude the plaintiff's expert witnesses, the court emphasized that "the record [was] replete with instances when [the plaintiff] failed to abide by the district court's rules, including missing deadlines, filing briefs on the day of hearings, and seeking the assistance of counsel while claiming to be proceeding *pro se*." *Id.* at 277-78.  Such a pattern of egregious behavior is not present in this case.